Filed 5/23/23  In re Josiah M. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
## SECOND APPELLATE DISTRICT
## DIVISION THREE

| | |
|---|---|
| In re Josiah M., a Person Coming Under the Juvenile Court Law. | B318551 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. J.M., Defendant and Appellant. | Los Angeles County Super. Ct. No. 21CCJP05004A |

APPEAL from an order of the Superior Court of Los Angeles County, Mary E. Kelly, Judge. Appeal dismissed.

Roni Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Melania Vartanian, Deputy County Counsel for Plaintiff and Respondent.

# INTRODUCTION

J.M. (mother) appeals from the juvenile court's disposition order declaring her son Josiah M. a dependent of the court. Mother contends insufficient evidence supports the court's jurisdiction finding based on the parents' history of domestic violence.[1] After mother appealed, the court terminated jurisdiction and awarded her sole physical custody of Josiah. Because we cannot provide mother any effective relief, we dismiss her appeal as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

Mother and father have one child together, Josiah, who was born in January 2020. According to some of Josiah's grandparents, mother and father have a toxic relationship, with a history of domestic violence.

In early October 2021, the Department of Children and Family Services (Department) received two referrals alleging mother and father engaged in domestic violence in front of Josiah. Mother and Josiah's maternal grandmother were arguing with father over the parents' finances. Father became upset and threw an object at mother, hitting her. Mother called the police, and father fled. When the police arrived, mother refused to let them interview the maternal grandmother about the incident. Mother also declined an emergency protective order against father.

After the maternal grandmother and the police left, father returned home. When father saw mother packing her bags, he

---

[1] The court sustained the challenged finding as to both mother and Josiah's father, G.M. (father). Father is not a party to this appeal.

pushed her to the floor. Father punched mother and tried to choke her. When mother broke free, she ran to the kitchen and grabbed a knife. Mother stabbed father in his shoulder or arm as he approached her. Josiah was in the house when mother stabbed father. After the parents' altercation, mother and Josiah moved out of the family's home, and mother obtained a temporary restraining order against father.

In late October 2021, the Department filed a dependency petition on Josiah's behalf, alleging the parents have a history of engaging in domestic violence in front of Josiah, including during the early October 2021 incident, which places the child at risk of serious physical harm (Welf. & Inst. Code, § 300, subds. (a) & (b); a-1 and b-1 allegations). The court detained Josiah from father and released the child to mother's custody.

The court held the jurisdiction and disposition hearing on February 15, 2022. The court sustained the b-1 allegation and dismissed the a-1 allegation. The court declared Josiah a dependent of the court, removed him from father, and placed him with mother under the Department's supervision. The court awarded the parents family maintenance services.

Mother, but not father, appealed the court's disposition order. In February 2023, after mother filed her appeal, the court terminated jurisdiction and awarded mother sole physical custody of Josiah, with both parents to share legal custody of the child.

## DISCUSSION

The Department contends mother's appeal is moot because even if we were to reverse the jurisdiction finding against mother, the court's decision to exercise jurisdiction over Josiah would remain undisturbed because father does not challenge the

3

jurisdiction finding against him. Additionally, as noted above, the court terminated jurisdiction over Josiah and awarded mother sole physical custody of the child while her appeal was pending. Mother argues we should reach the merits of her appeal because the challenged jurisdiction finding could prejudice her in future dependency proceedings or preclude her from challenging her inclusion in the Child Abuse Central Index (CACI).

A case is moot when "events ' "render[] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant [her] any effective relief." ' " (*In re D.P.* (2023) 14 Cal.5th 266, 276 (*D.P.*).) Effective relief exists when the plaintiff is suffering an "ongoing harm" as a result of the challenged ruling and that harm is "redressable or capable of being rectified by the outcome the plaintiff seeks." (*Ibid.*) We must determine on a case-by-case basis whether subsequent events in a dependency proceeding have made the case moot and whether our decision will affect the outcome of a subsequent proceeding. (*Ibid.*)

Where, as here, the juvenile court has terminated jurisdiction without issuing an order that continues to impact the appealing parent, such as an adverse custody order, the issue is whether we can grant that parent any effective relief. (*D.P., supra,* 14 Cal.5th at p. 277.) In such a case, effective relief exists if the parent can show she "suffered from a change in legal status." (*Ibid.*) "Although a jurisdictional finding that a parent engaged in abuse or neglect of a child is generally stigmatizing, complaining of 'stigma' alone is insufficient to sustain an appeal. The stigma must be paired with some effect on the plaintiff's legal status that is capable of being redressed by a favorable court decision." (*Ibid.*)

4

Since sustaining Josiah's petition, the court has terminated jurisdiction and awarded mother sole physical custody of her son. Mother doesn't contend she is still subject to any disposition order or other order from Josiah's dependency proceedings that continues to adversely affect her. Thus, as to the underlying proceedings, we cannot offer mother any effective relief.

As to potential future harm, the Supreme Court in *D.P.* rejected both arguments that mother raises here to contend her appeal is not moot. First, the court held that the mere possibility of a parent's inclusion in CACI is not sufficient to give rise to a justiciable controversy. (*D.P.*, *supra*, 14 Cal.5th at pp. 281–282.) Thus, because mother does not claim she has been listed in CACI, and nothing in the record shows the Department has or will report her name for inclusion in that database, her concern that she one day could be listed in the database does not render her appeal reviewable. (*Id*. at pp. 278–282.) Likewise, mother's concern that the jurisdiction finding is stigmatizing and could negatively affect her in a hypothetical future dependency proceeding is too speculative to require review of her appeal. (*Id*. at pp. 277–278, 282.)

Since mother does not identify any change in legal status stemming from the challenged jurisdiction finding, we cannot grant her any effective relief. Mother's appeal, therefore, is moot. (*D.P.*, *supra*, 14 Cal.5th at p. 282.)

"Even when a case is moot, courts may exercise their 'inherent discretion' to reach the merits of the dispute." (*D.P.*, *supra*, 14 Cal.5th at p. 282.) In deciding whether to exercise such discretion, "[c]ourts may consider whether the challenged jurisdictional finding 'could be prejudicial to the appellant or could potentially impact the current or future dependency

5

proceedings,' or ' "could have other consequences for [the appellant], beyond jurisdiction." ' " (*Id*. at p. 285.)

Mother argues we should exercise our discretion to reach the merits of her appeal. We decline to do so. For the same reasons we just discussed, any potential negative consequences that could flow from the jurisdiction finding against mother are speculative. For instance, the finding cannot impact mother in the underlying proceedings because the court has terminated jurisdiction and returned Josiah to her custody, with no adverse orders affecting her. Likewise, mother hasn't shown how the finding is likely to impact a hypothetical future dependency or family law proceeding. While an allegation of domestic violence is no doubt serious, mother's conduct in this case was not in any way targeted at Josiah. Indeed, Josiah never was removed from mother's custody, and there was no evidence that mother struck or otherwise physically harmed Josiah. For these reasons, any prejudice the jurisdiction finding may cause mother in the future is too uncertain to warrant the exercise of our discretion to reach the merits of mother's appeal.

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

EGERTON, J.